IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY KILLAM, ) | |
| 909 Horan Dr. ) | |
| Fenton, Missouri 63026 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:13-cv-372 |
| vs. ) | Division No. |
| ) | |
| COMMERCIAL RECOVERY ) | |
| SYSTEMS, INC., ) | |
| 8035 East R. L. Thornton ) | |
| Dallas, Texas 75357 ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

RANDY KILLAM ("Plaintiffs"), by their attorneys, KROHN & MOSS, LTD., allege the following against the COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Missouri and therefore personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person who resides in Fenton, St. Loius, Missouri, are allegedly obligated to pay a debt, and are "consumers" as that term is defined by *15 U.S.C. 1692a(3)*.

7. According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collection corporation with an office in Dallas, Texas.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is  defined by *15 U.S.C. § 1692a(6)*.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. In or around November of 2012, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

13. Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

14. Defendant called Plaintiff's telephone number at 217-965-55XX.

15. In November of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiffs' answering machine.  *See* Exhibit A.

16. In the voicemail message, Defendant's representative, "Melissa Morgan" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.  *See* Exhibit A.

17. In the voicemail message, Defendant's representative, "Melissa Morgan", directed Plaintiff to call her back at 1-888-590-7848, which is a number that belongs to Defendant.  *See* Exhibit A.

18. In the voicemail message, Defendant's representative, "Melissa Morgan", threatened to take imminent legal action in 24 ("twenty-four") hours.  *See* Exhibit A.

19. Upon information and belief Defendant had not initiated legal proceedings against Plaintiff and thus Defendant threat was made only to induce Plaintiff to immediately respond to Defendant's telephone call and voicemail.

20. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

b. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

c. Defendant violated §1692e(5) of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

d. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt because Defendant threatened to file a lawsuit against Plaintiff when Defendant did not intend to do so and Defendant failed to disclose the that Defendant was calling in regards to a debt.

e. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, RANDY KILLAM, respectfully request judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC.  for the following:

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C.   1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection   Practices   Act, *15 U.S.C. 1692k*

24. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ Adam C. Maxwell
Adam C. Maxwell
ED Bar No: 62103MO
Attorney for Plaintiffs
Krohn & Moss, Ltd.
10 N. Dearborn St. 3rd Floor
Chicago, IL 60602
(312) 578-9428
e-mail: amaxwell@consumerlawcenter.com